AARON D. FORD
  Attorney General
LORIN M. TAYLOR (Bar No. 14958)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-2389 (phone)
(702) 486-3773 (fax)
Email: lmtaylor@ag.nv.gov

*Attorneys for Defendant*
*Perry Russell*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>                    Plaintiff,<br><br>v.<br><br>PERRY RUSSELL, *et al.*,<br><br>                    Defendants. | Case No.  2:22-cv-00123-CDS-DJA<br><br>**STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED**<br><span style="color:red">**As amended on page 5**</span> |

Defendant Perry Russell, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Lorin M. Taylor, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, and Plaintiff, Christopher A. Jones, in *pro se*, hereby respectfully submit the following Stipulated Discovery Plan and Proposed Scheduling Order:

## I.    MEETING

The parties' counsel met via audio visual conference for a the FRCP 26(f) conference on January 10, 2023, and have been in telephone, mail, and email communication since that time finalizing this discovery plan.

A.    Christopher A. Jones, Plaintiff *pro se*.

B.    Deputy Attorney General Lorin M. Taylor, on behalf of Defendant.

///

## II.    INITIAL DISCLOSURES

Defendant's Initial Disclosures of Witnesses and Documents Pursuant to FRCP 26(a)(1) were made on January 30, 2023.

## III.    PROTECTIVE ORDER

The parties do not believe that a protective order is needed at this time.

## IV.    DISCOVERY PLAN

The parties jointly propose the following discovery plan:

1.    Any and all pleadings that may be brought under Fed. R. Civ. P. 13 and 14, or joining additional parties under Fed. R. Civ. P. 19 and 20, shall be filed 90 days prior to the close of discovery, which is Saturday, July 22, 2023. Therefore, the deadline to add parties is **Friday, July 21, 2023**. Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith serve a copy of this Order upon the new party or parties.

2.    Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of Court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed 90-days prior to the close of discovery, which is Saturday, July 22, 2023. Therefore, the deadline to amend pleadings or add parties is **Friday, July 21, 2023**.

3.    DISCOVERY:

a)    Discovery in this action shall be completed on or before one hundred and eighty-one days from April 24, 2023, which is Saturday, October 21, 2023. Therefore, all discovery must be completed no later than **Friday, October 20, 2023**.

b)    The Parties' last day to serve written discovery will be **Wednesday, September 20, 2023**.

c)    Pursuant to Fed. R. Civ. P. 33 (a)(1), unless otherwise stipulated by the parties or ordered by the court, a party may serve on any other party no more than twenty-five (25) written interrogatories, including discreet subparts.

d)    Pursuant to LR 26-7, unless otherwise ordered by the Court, written discovery, including responses thereto, certificates of service pertaining thereto and deposition transcripts, shall not be filed with the Court unless such discovery is submitted in support of or in response to a motion. Originals of responses to written discovery requests shall be served on the party who served the discovery request, and that party shall make such originals available at the pretrial hearing, at trial, or on order of the Court. Likewise, the deposing party shall make the original transcript of a deposition available at any pretrial hearing, at trial, or on order of the Court.

4.    EXTENSIONS OF DISCOVERY: Pursuant to LR 26-3, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least twenty-one (21) days prior to the expiration of the subject deadline and no later than **Friday, September 29, 2023**. The motion or stipulation shall include:

a)    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

b)    A specific description of the discovery which remains to be completed;

c)    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

d)    A proposed schedule for the completion of all remaining discovery.

5.    DISCOVERY MOTIONS:

a)    Discovery motions shall be filed and served no later than no later than fifteen days after the close of discovery, which is Saturday, November 4, 2023. Therefore, any discovery motion must be filed on or before **Friday November 3, 2023.**

///

///

      b)      Prior to filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties. The parties are further advised that:

        (1)      Fed. R. Civ. P. 37(a)(1) mandates that any discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court order;" and that,

        (2)      Local Rule 26-6(c) states that a discovery motion "will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."

These two rules apply to any inmate civil right action brought under 42 U.S.C. § 1983. While the court recognizes an inmate might not be able to meet personally with opposing counsel, nevertheless an inmate will still be required to attempt to resolve any discovery dispute either by a telephone consultation or a written communication whereby the inmate sincerely attempted to resolve the discovery dispute.

      c)      Text of Discovery Materials in Dispute

Local Rule 26-6(b) requires that all motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the responses thereto, if any. The court prefers that the actual discovery response which is the subject of a discovery dispute be submitted to the court.

///
///
///
///

6.   Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than thirty (30) days after the close of discovery, which is Sunday, November 19, 2023. Therefore, any Motion for Summary Judgment must be filed on or before **Friday, November 17, 2023.**

7.   No motion filed beyond the time limit fixed by this Scheduling Order shall be considered by the Court unless the Court grants an exception for good cause shown.

8.   In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order. Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 6 of this Order.

9.   PRETRIAL: Pursuant to LR 16-3(b), the parties shall file a Joint Pretrial Order ~~thirty (30) days past the date for filing motions for summary judgment~~ on or before December 18, 2023. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the court.

10.   Any party who seeks to amend this Scheduling Order shall file and serve a motion, not later than twenty-one (21) days prior to the deadline for which the party seeks amendment, stating the proposed amendments and the reasons therefore. After expiration of the twenty-one (21) day period, any amendment of this Scheduling Order shall be granted only upon a showing of good cause and excusable neglect.

## V.   JUSTIFICATION FOR LONGER DISCOVERY PERIOD

The parties believe the Court should permit a longer period for discovery than provided in LR 26-1(b)(1) because Plaintiff and Defendant's Counsel communicate through the United States Postal Service and have experienced delays as a result. The Parties wish to include additional time to make sure there is sufficient time to account for the mails. The parties respectfully submit that the proposed discovery plan is an efficient and realistic schedule for completing the significant amount of discovery contemplated in this case.

## VI.   OTHER ISSUES

1.   Alternative Dispute Resolution

The parties have conferred about the possibility of using alternative dispute resolution processes. The Parties agree that the Early Mediation Conference held in this matter on September 30, 2022, was quite helpful. However, the Parties believe that it is necessary to conduct discovery before attempting to resolve this case. The Parties further agree that a settlement conference will be beneficial after discovery is concluded. Finally, the Parties are not interested in submitting this case to arbitration.

2.   Alternative Forms Of Case Disposition

The parties have considered trial by magistrate judge under 28 U.S.C. § 636(c) and FRCP 73, and the use of the short trial program.  The parties do not consent to either at this time.

3.   Electronic Evidence

The parties have considered the possibility of presenting evidence to the jury in electronic format. The Parties will ensure that any evidence presented in an electronic format shall be compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence but reserve the right to address this issue again in a Joint Pre Trial Order.

///
///
///
///
///
///
///
///
///
///

1    4.    Court Conference

2        The parties do not request a conference with the Court before entry of the scheduling

3    order.

4

5    DATED this ___April 20, 2023___, 2023        DATED this ___April 20, 2023___, 2023.

6                                                AARON D. FORD
                                                Attorney General
7

8

9

10                                              /s/ Lorin M. Taylor

11    CHRISTOPHER A. JONES                       LORIN M. TAYLOR (Bar No. 14958)
      6700 Indian Chief Drive #101                 Deputy Attorney General
12    Las Vegas, Nevada 89130                    555 E. Washington Ave., Ste. 3900
                                                Las Vegas, Nevada 89101
13    *Plaintiff, Pro Se*
                                                *Attorneys for Defendant*
14                                              Perry Russell

15

16

17                              **ORDER**

18        IT IS SO ORDERED.

19

20

21    _____

22    DANIEL J. ALBREGTS
      UNITED STATES MAGISTRATE JUDGE
23

24    DATED: April 21, 2023

25

26

27

28

Page **7** of 7