# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Christopher A. Jones, | Case No. 2:22-cv-00123-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Perry Russell, et al., | |
| Defendants. | |

This is an inmate-civil-rights action arising out of Plaintiff's allegations that the Northern Nevada Correctional Center—where Plaintiff was previously incarcerated[1]—held him in a cell with broken widows and no heating during the winter months of 2020. Plaintiff sues Warden Perry Russell for damages, alleging violations of his Eighth Amendment rights. Plaintiff moves for leave under Federal Rule of Civil Procedure 30(a)(2)(B) to take the deposition of two inmates at the Northern Nevada Correctional Center. (ECF No. 18). No party responded to the motion. Plaintiff filed a motion "for submission" informing the Court that the motion was unopposed. (ECF No. 20). Defendant filed a non-opposition to the motion for submission. (ECF No. 21). Plaintiff also filed a motion to extend discovery (ECF No. 22), which Defendant does not oppose (ECF No. 23). Because the Court finds that Plaintiff has demonstrated relevance and because no party has responded to the motion to take a deposition, the Court grants Plaintiff's motion to take a deposition and motion "for submission." (ECF Nos. 18, 20). Because Plaintiff has demonstrated good cause, and because no party has opposed the motion, the Court grants Plaintiff's motion to extend time. (ECF No. 22).

---

[1] The Court takes judicial notice that Plaintiff's current address indicates he is no longer incarcerated.

## I. Discussion.

### A. Plaintiff's motion to depose witnesses in custody.

Under Federal Rule of Civil Procedure 30(a)(2)(B) a party seeking to depose a witness in custody must obtain leave of court. "The Court 'must grant leave to the extent consistent with Rule 26(b)(1) [defining the scope of relevant discovery] and (2) [granting the Court discretion to limit discovery under some circumstances].'" *Medina v. County of Los Angeles*, No. 2:21-cv-05554-DMG-KESx, 2022 WL 16847547, at *3 (C.D. Cal. Oct. 4, 2022) (citing Fed. R. Civ. P. 30(a)(2)). "The circumstances addressed in Rule 26(b)(2) are (1) whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or (3) whether the discovery falls outside the scope of discovery permitted by Rule 26(b)(1)." *Id.* "Other courts considering motions to depose incarcerated persons under Rule 30(a)(2)(B) have considered whether the requested deposition[:] (1) is relevant and proportional to the needs of the case per Rule 26(b)(1)[;] and (2) implicates any of the concerns listed in Rule 26(b)(2)." *Id.* (citing *Becker v. OSB Inv., LLC*, No. 2:19-mc-00032-MWF, 2019 WL 12381108, at *1-2 (C.D. Cal. Apr. 5, 2019) and *Griffin v. Johnson*, No. 1:13-cv-01599, 2016 WL 4764670, at *1-2 (E.D. Cal. Sep. 12, 2016)). Under Local Rule 7-2(d), the failure of a party to respond to a motion constitutes consent to the granting of the motion.

The Court grants Plaintiff's motion to depose the two witnesses identified in his motion. He has sought leave to depose these individuals, has identified them, and has explained the relevance of their testimony to this case. Plaintiff explains that he seeks to depose Mark Hall, Inmate No. 50941 and Gerald Davison, Inmate No. 1044077 at the Northern Nevada Correctional Center. He explains that both individuals were witnesses to the cold-weather conditions Plaintiff describes in his complaint, the actions Plaintiff took to get the prison to remedy the broken heating unit, and staff responses to those efforts. Plaintiff adds that Mark Hall has firsthand knowledge of the heating unit at issue because he worked in the maintenance department. Considering security at the prison and possible COVID restrictions, Plaintiff requests that the Court allow the depositions to be taken telephonically or by videoconference and that all

1  participants be permitted to attend by remote means.  Plaintiff explains that he will cover the costs
2  to depose these witnesses and adds that he "requires an order as to allow him to coordinate with a
3  reporting/recording firm in Carson City."
4        The Court finds that Plaintiff has demonstrated that the discovery he seeks is relevant and
5  does not find that Plaintiff's proposed depositions implicate the concerns outlined in Rule
6  26(b)(2).  Additionally, Defendant has not responded to the motion and has filed a non-opposition
7  to Plaintiff's motion "for submission," constituting his consent to the Court granting both
8  motions.  The Court also grants Plaintiff's request that he be permitted to conduct the deposition
9  by remote means.
10        **B.**     *Plaintiff's motion to extend time.*
11        The Court finds that Plaintiff has demonstrated good cause to extend the remaining
12  discovery deadlines in this case by ninety days.  *See* Fed. R. Civ. P. 6(b); *see* LR IA 6-1; LR 26-3.
13        **IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to depose two inmates
14  (ECF No. 18) and motion "for submission" (ECF No. 20) are **granted.**  The Northern Nevada
15  Correctional Center shall allow for the remote depositions of Mark Hall, Inmate No. 50941 and
16  Gerald Davison, Inmate No. 1044077 at a date and time that is mutually convenient for the parties
17  and the prison, but no later than **December 11, 2023**.  Plaintiff must contact the Northern Nevada
18  Correctional Center to schedule the depositions.
19        **IT IS FURTHER ORDERED** that Plaintiff's motion to extend the discovery deadlines
20  (ECF No. 22) is **granted.**  The following deadlines shall govern discovery:
21        Discovery cutoff:      January 18, 2024
22        Discovery motions:      February 1, 2024
23        Dispositive motions:      February 15, 2024
24        Joint pretrial order:      March 18, 2024
25
26  DATED: October 26, 2023.
27
28        DANIEL J. ALBREGTS
      UNITED STATES MAGISTRATE JUDGE