# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Christopher A. Jones, | Case No. 2:22-cv-00123-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Perry Russell, | |
| Defendant. | |

Before the Court are two motions to compel filed by Plaintiff. (ECF Nos. 26, 32). Because the Court finds that Defendant Perry Russell—former Warden of the Northern Nevada Correctional Center ("NNCC")— has not provided sufficient answers to certain of the discovery requests Plaintiff addresses in his first motion to compel, the Court grants in part and denies in part that motion to compel. (ECF No. 26). Because the Court finds that the parties did not complete their meet and confer efforts regarding the discovery requests in Plaintiff's second motion to compel, the Court denies the second motion without prejudice. (ECF No. 32).

**I.      Legal standard.**

If a party resists discovery, Federal Rule of Civil Procedure 37(a) authorizes the requesting party to file a motion to compel. The motion must include a threshold showing that the requested information is relevant. *See Tsatas v. Airborne Wireless Network, Inc.*, No. 2:20-cv-02045-RFB-BNW, 2022 WL 74003, at *2 (D. Nev. Jan. 7, 2022). Discovery must also be proportional. *See* Fed. R. Civ. P. 26(b)(1). Relevance is a low threshold and merely requires the possibility of a nexus between the information sought and the claims or defenses of a party. *Tsatas*, 2022 WL 74003 at *2. Proportionality requires the court to consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R.

Civ. P. 26(b)(1). The party resisting discovery bears the burden of showing why that discovery should not be permitted because it is irrelevant, overly broad, or unduly burdensome. *Fosbre v. Las Vegas Sands Corp.*, No. 2:10-cv-00765-APG-GWF, 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016). To meet this burden, the objecting party must specifically detail the reasons why each request is objectionable. *Id.*

Under Federal Rule of Civil Procedure 36(a)(6), a party requesting that another party respond to a written request to admit may move to determine the sufficiency of an answer or objection. "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

**II.     Discussion.**

    ***A.     Plaintiff's first motion to compel (ECF No. 26).***

> Request for Production No. 15:
> A copy of all Level 1 grievances responded to by Defendant Russell involving heat related issues/cold in unit 4 from and or between Nov. 2020 – June 2021.

Plaintiff asserts that the documents with which Defendant responded are not responsive to the request because they are at the Informal level—rather than Level 1—and do not concern Unit 4. Defendant responds that he no longer works for the Nevada Department of Corrections ("NDOC") and thus, NDOC cannot search its records by his employee ID. Instead, Defendant conducted a "specific detail" search for housing grievances, which would include heating and cooling grievances. Plaintiff replies that Defendant has not undertaken a reasonable inquiry into the NDOC records because the Attorney General's Office has "unrestricted access to all NDOC files" and should thus have been able to use all record retrieval methods. Plaintiff adds that Defendant has not explained what efforts he took to find the records.

The Court will deny Plaintiff's motion to compel a further response to this request without prejudice and with leave to re-file. The Court finds Defendant's argument that NDOC could no longer search by his employee ID and thus had to conduct an over-inclusive search persuasive. And indeed, it appears that the documents Defendant produced contain both Level 1 and Informal

grievances. But it is unclear from the documents whether they contain the grievances concerning Unit 4 that Plaintiff was anticipating the request to encompass. The parties must thus meet and confer and discuss whether the documents Defendant produced would include the documents Plaintiff requested. If not, the parties must discuss if those documents exist and, if so, whether Defendant can produce them. Plaintiff must address the outcomes of this meet and confer if he refiles his motion to compel regarding this request.

> Request for Admission No. 3:
> As a Warden at NNCC, NRS 209.161 applied to you, admit or deny.
>
> Response:
> Defendant objects to Request for Admission No. 3 because it is vague and ambiguous as to the phrase "applied to you" which is not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiff's meaning. Defendant objects to Request for Admission No. 3 because it requires a legal opinion which Defendant does not have the knowledge, skill, experience, training, or education to give. Defendant objects to Request for Admission No. 3 as overly broad because it is not limited as to timeframe. Notwithstanding these objections and without waiving them Defendant admits NRS 209.161 currently states:
> NRS 209.161 Wardens of institutions: Appointment; duties.
> 1. The Director shall appoint a warden for each institution of the Department.
> 2. Each warden is in the classified service of the State except for purposes of appointment and retention.
> 3. Each warden is responsible to the Director for the administration of his or her institution, including the execution of all policies and the enforcement of all regulations of the Department pertaining to the custody, care and training of offenders under his or her jurisdiction.
>
> Request for Admission No. 4:
> NRS 209.161(3) holds:
> Each Warden is responsible to the director for the administration of his or her institution, including the execution of all policies and the enforcement of all regulations of the department pertaining to the custody, care and training of offenders under his or her jurisdiction. Admit or deny.
>
> Response:
> Defendant objects to Request for Admission No. 4 because it is vague and ambiguous as to the phrase "holds" which is not defined

and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiff's meaning. Defendant objects to Request for Admission No. 4 because it requires a legal opinion which Defendant does not have the knowledge, skill, experience, training, or education to give. Defendant objects to Request for Admission No. 4 as overly broad because it is not limited as to timeframe.
Notwithstanding these objections and without waiving them Defendant admits NRS 209.161 currently states:
NRS 209.161 Wardens of institutions: Appointment; duties.
1. The Director shall appoint a warden for each institution of the Department.
2. Each warden is in the classified service of the State except for purposes of appointment and retention.
3. Each warden is responsible to the Director for the administration of his or her institution, including the execution of all policies and the enforcement of all regulations of the Department pertaining to the custody, care and training of offenders under his or her jurisdiction.

Request for Admission No. 6:
As set out in part at NRS 209.161(3), you were responsible for the care of the Plaintiff during the times relevant to this action during your time as NNCC Warden. Admit or deny.

Response:
Defendant objects to Request for Admission No. 6 because it is vague and ambiguous as to the phrases "responsible" "the care of the Plaintiff" and "during your time as NNCC Warden" which are not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiff's meaning. Defendant objects to Request for Admission No. 6 because it requires a legal opinion which Defendant does not have the knowledge, skill, experience, training, or education to give. Defendant objects to Request for Admission No. 6 as overly broad because it is not limited as to timeframe.
Notwithstanding these objections and without waiving them Defendant admits NRS 209.161 currently states:
NRS 209.161 Wardens of institutions: Appointment; duties.
1. The Director shall appoint a warden for each institution of the Department.
2. Each warden is in the classified service of the State except for purposes of appointment and retention.
3. Each warden is responsible to the Director for the administration of his or her institution, including the execution of all policies and the enforcement of all regulations of the Department pertaining to the custody, care and training of offenders under his or her jurisdiction

Plaintiff argues that Defendant's responses are evasive because "[t]he Plaintiff knows what NRS 209.161 stated. The [request] asked the Defendant to admit if he was bound to it/if it applied to him." (ECF No. 26 at 4). Plaintiff points out that [t]here are many instances where a statute required some measure but that is far from a defendant admitting his or her actually being knowledgeable of being bound during the period at issue, i.e., 'times relevant to this action.'" (*Id.* at 6).

The Court agrees that Defendant's responses and objections are evasive. Because Plaintiff is a *pro se* prisoner, Defendant could have reasonably construed the term "applied to" as asking whether Defendant, in his role as warden, was subject to the statute and the term "responsible" as having an obligation. *See Manley v. Zimmer*, No. 3:11-cv-00636-RCJ-WG, 2014 WL 1576857 at *12 (D. Nev. Apr. 17, 2014) ("[b]ecause the Plaintiff is a pro se inmate, the court finds it would have been reasonable for Defendant Rowley to interpret 'normally' to also connote 'typical' or 'usual.'"). Defendant could have also explained why he found the terms "the care of the Plaintiff" and "during your time as NNCC Warden" objectionable and qualified his response accordingly. The Court is also not convinced that Defendant required legal training to admit or deny the questions Plaintiff asked. Nor is the Court convinced that the requests are overbroad because Plaintiff did not include a timeframe. To the contrary, Plaintiff limited RFAs 3 and 4 to Defendant's time "[a]s a Warden at NNCC." Finally, Defendant did not answer the questions asked in RFAs 3 and 6. Indeed, "parties should admit to the fullest extent possible, and explain in detail why other portions of the request may not be admitted." *United States ex rel. Englund v. Los Angeles Couty*, 235 F.R.D. 675, 685 (E.D. Cal. 2006). And under Federal Rule of Civil Procedure 36(a)(4), "[a] denial must fairly respond to the substance of the matter and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." Here, Defendant did not respond to the substance of the matters in RFAs 3 and 6, instead answering a question that Plaintiff did not ask: what does NRS 209.161 currently state? On the other hand, the Court finds that, despite Defendant's objections, Defendant properly answered the question asked in RFA 4.

Because Defendant did not properly respond RFAs 3 and 6, the Court grants Plaintiff's motion regarding those requests and will require that Defendant serve an amended answer to RFAs 3 and 6.

<u>Request for Admission No. 19:</u>
Freezing is considered 32°or below.  Admit or deny.

<u>Response:</u>
Defendant objects to Request for Admission No. 18 because it is vague and ambiguous as to the phrases "Freezing" "considered" "32" "below" [sic] which are not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiff's meaning. Notwithstanding this objection and without waiving it, Defendant admits Merriam-Webster defines "freezing" as follows:
**Freezing** adjective
1. very cold
2. being at or below the temperature at which water freezes
**Freezing** noun
1. the temperature at which water freezes

Plaintiff asserts that Defendant's answer ignored that Plaintiff specified 32 *degrees* in his request and is evasive.[1]   Defendant responds that the request cannot be responded to with a simple admit or deny.  Plaintiff replies that the request is clear and well written.

While the Court finds that Defendant's objections to the vagueness of the terms Plaintiff uses are not entirely reasonable, the Court finds that Defendant's response is otherwise sufficient. The Court thus denies Plaintiff's motion regarding this request.

<u>Request for Admission No. 28:</u>
Will Long is denoted as (HVAC/R II) at DEF000387. Admit or deny.

<u>Response:</u>
Defendant objects to Interrogatory No. 28 because this Request for Admission is so broad, uncertain, and unintelligible that the Defendant cannot determine the nature of the information sought.

---

[1] Plaintiff asserts that his original request included the degree symbol behind 32.  It is unclear if, in copying the request, Defendant included that symbol.

>Notwithstanding these objections and without waiving them Defendant cannot admit or deny and must therefore deny on that basis.

Plaintiff asserts that Defendant's response objecting to the request as unintelligible and stating that Defendant could not admit or deny the statement is not a proper answer because Plaintiff specifically identified the document on which Defendant could find the designation. Plaintiff adds that the request simply asks for an admission based on what is clearly written in a document. Defendant responds that the request cannot be responded to with a simple admit or deny. Plaintiff replies that the request is clear and well written.

The Court finds that Defendant's objection that Plaintiff's request is "broad, uncertain, and unintelligible" is without merit. On the other hand, requests that ask a party to simply restate sentences from a previously authenticated document are unreasonably duplicative and cumulative. *See K.C.R. v. County of Los Angeles*, No. CV 13-3806 PSG (SSx), 2014 WL 3433772, at *3 (C.D. Cal. July 14, 2014). Here, Plaintiff's request does not seek to authenticate the document he references, but asks Defendant to admit that the document says what it says. This is duplicative because the document speaks for itself. The Court thus denies Plaintiff's motion regarding this RFA.

>Request for Admission No. 37:
>According to DEF000002, only four (4) minimum tempretures [sic] are recorded above 32 freezing during Dec. 1 – 31, 2020. Admit or deny.
>
>Response:
>Defendant objects to Request for Admission No. 37 because it is vague and ambiguous as to the phrases "only" "minimum tempretures" [sic] are "recorded" [sic] "above" "32" "freezing" which are not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiff's meaning.
>Notwithstanding this objection and without waiving it, Defendant admits that the Climatological Data for CARSON CITY , NV – December 2020, previously produced as DEF000002 states:
>
>[Defendant's response attaches a chart titled "Climatological Data for CARSON CITY, NV – December 2020" that lists data under the titles "Temperature," "HDD," "CDD," "Precipitation," "New Snow," and "Snow Depth" (ECF No. 26 at 10)].

Plaintiff asserts that Defendant's answer is evasive because Defendant was asked a specific question and Plaintiff is already aware of what the document shows. Defendant responds that he could not respond to the request with a simple admit or deny. Plaintiff replies that the request is clear and well written.

The Court finds that Defendant's vagueness objections are not entirely meritorious. But on the other hand, because the document speaks for itself, Plaintiff's request is cumulative and duplicative. The Court thus denies Plaintiff's motion regarding this RFA.

> Request for Admission No. 39:
> DEF000001-6 are authentic copies of the climatological data for Carson City NV produced by Defendant. Admit or deny.
>
> Response:
> Defendant objects to Request for Admission No. 39 because it is vague and ambiguous as to the phrases "authentic copies," "produced" [sic] which are not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiff's meaning. Defendant objects to Request for Admission No. 39 because it requires a legal opinion which Defendant does not have the knowledge, skill, experience, training, or education to give.
> Notwithstanding these objections and without waiving them, Defendant is not the custodian of records for the Climatological Data for Carson City, NV, previously produced to Plaintiff bearing the Bates stamp identification range DEF 000001 – DEF 000006, and on that basis cannot admit or deny the authenticity of the record. Defendant must therefore deny Request for Admission No. 39.
>
> Request for Admission No. 40:
> DEF000202; 204; 205-7; 209; 214; 217; 429; 215; and 233 are authentic copies of documents produced by the Defendant. Admit or deny.
>
> Response:
> Defendant objects to Request for Admission No. 40 because it is vague and ambiguous as to the phrases "authentic copies," documents" "produced" [sic] which are not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiff's meaning. Defendant objects to Request for Admission No. 40 because it requires a legal opinion which Defendant does not have the knowledge, skill, experience, training, or education to give.

> Notwithstanding these objections and without waiving them, Defendant is not the custodian of records for the documents previously produced to Plaintiff bearing the Bates Stamp identification range DEF 000001 – DEF 000006; DEF 000202; DEF 000204; DEF 000205 – DEF000 207 [sic]; DEF 000209; DEF 000214; DEF 000217; DEF 000429; DEF 000215; or DEF 000233 and on that basis cannot admit or deny the authenticity of the records. Defendant must therefore deny Request for Admission No. 40.

Plaintiff asserts that, because Defendant produced the documents during discovery, he should be able to authenticate them. Defendant responds that he did not create and does not control the documents Plaintiff references and therefore cannot authenticate them. Plaintiff replies that Defendant provided no authority in support of his position that because he did not create the records, does not control them, and is not the custodian of them that he is entitled not to authenticate them. Because Defendant did not provide this authority, Plaintiff asserts that Defendant did not respond to the motion, constituting his consent to the Court granting it under LR 7-2(d). Plaintiff concludes that Defendant does not have to be the custodian of records to authenticate those records and that Defendant need not be employed by NDOC to authenticate them.

As a preliminary matter, the Court does not find Defendant's objections on the grounds of vagueness and that the requests call for a legal opinion to be entirely meritorious. On the other hand, it is not clear that Defendant is in a position to authenticate the documents that Plaintiff references. While it is unclear who created or controls the data listed in the document titled "Climatological Data for CARSON CITY, NV – December 2020," the Court finds it unlikely that Defendant either created or controls that document or that data. The information instead appears attributable to a meteorological organization. And although the Court does not have the other documents to review, Defendant has asserted that he did not create and does not control the documents, meaning that he would also lack the ability to authenticate them. The Court thus denies Plaintiff's motion to compel regarding RFAs 39 and 40.

Request for Admission No. 41:
Between 10/28/2020 (DEF000388) and 4/5/2021 (DEF000449) Will Long (in AC/R II) responded to at least fourty-three [sic] (43) institutional hearing issues/complaints at the Northern Nevada Correctional Center. Admit or deny.

Response:
Defendant objects to Request for Admission No. 41 because it is vague and ambiguous as to the phrase "between" "responded to" "at least fourty-three (43)" [sic] "institutional heating issues/complaints" which were not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiff's meaning. Notwithstanding this objection and without waiving it, Defendant admits the Monthly Complete W.O. @ NNCC states on DEF 000388 – DEF 000449 that Will Long was assigned to approximately 75 work orders, nine of which were for heating related issues in Northern Nevada Correctional Center housing unit 4. *See* Monthly Complete W.O. @ NNCC at DEF 000399; DEF 000401; DEF 000403; DEF 000405; DEF 000413; DEF 000415; DEF 000429; DEF 000435; DEF 000437; and DEF 000438.

Plaintiff asserts that this response is evasive and does not answer the question. Plaintiff asserts that the request sought specific information but the Defendant manipulated the response to dodge the question. Defendant responds that this was not a question to which he could respond with a simple admit or deny. Plaintiff replies that the request was clear and well written.

While the Court again finds that Defendant's vagueness objections are not entirely meritorious, the Court otherwise finds that Defendant's response to this request is sufficient. It therefore denies Plaintiff's motion to compel regarding this RFA.

**B.** ***Plaintiff's second motion to compel (ECF No. 32).***

Interrogatory No. 22:
Please provide the full name of the inmate housed with Adam Hawthorne NDOC No. 67761 in unit 4 A wing cell #15 at NNCC between February 2021 and March 2021 known as J. WHITE.

Interrogatory No. 23:
Please provide the back number for the inmate noted above as J. WHITE.

Interrogatory No. 24:
Please provide the present whereabouts for said J. WHITE.

> Interrogatory No. 25:
> Please provide any and all relevant release information (if applicable) for said J. WHITE including, [sic] addresses and any and all information that could to information to [sic] locate the individual in free society.

Defendant responded to each of these interrogatories with the following objection and response:

> Objection. Defendant objects to Interrogatory No. [22-25] as it calls for release of confidential information pertaining to an inmate which Plaintiff/the public is not permitted to access under Administrative Regulation 569.

Plaintiff asserts that he sent Defendant's counsel a letter seeking to informally resolve the issue and gave counsel time to respond but that Defendant's counsel did not respond. Plaintiff argues that a state law prohibiting disclosure does not create a privilege in federal court. Defendant responds that Plaintiff did not give his counsel sufficient time to respond to the letter and that, before receiving Plaintiff's motion to compel, Defendant provided "some additional information as a courtesy, and maintain[ed] the objections presented." This included a list of all inmates incarcerated with the first initial "J" and the last name "White" so that Plaintiff could determine the individual's full name. Plaintiff did not file a reply.

Because it appears that the parties' meet and confer efforts were not completed before Plaintiff filed his motion, and because it is unclear if the additional information Defendant provided resolves Plaintiff's concerns, the Court denies Plaintiff's motion without prejudice. In the event Plaintiff wishes to re-file his motion, the parties must meet and confer regarding these interrogatories, and complete those meet and confer efforts.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 26) is **granted in part and denied in part** as outlined herein.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding Request for Production No. 15.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 32) is **denied without prejudice.**

DATED: March 25, 2024.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE