**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Christopher A. Jones, | Case No. 2:22-cv-00123-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Perry Russell, | |
| Defendant. | |

Before the Court is Plaintiff's motion to compel (ECF No. 45) and Plaintiff's motion to deem certain requests for admission to be admitted (ECF No. 47). Because the Court finds that Defendant has fully responded to certain discovery requests, but that Defendant must supplement certain others, it grants in part and denies in part Plaintiff's motion to compel. Because the Court finds that Defendant has properly responded to Plaintiff's requests for admission, it denies his motion to deem admitted.

**I.    Legal standard.**

If a party resists discovery, Federal Rule of Civil Procedure 37(a) authorizes the requesting party to file a motion to compel. The motion must include a threshold showing that the requested information is relevant. *See Tsatas v. Airborne Wireless Network, Inc.*, No. 2:20-cv-02045-RFB-BNW, 2022 WL 74003, at *2 (D. Nev. Jan. 7, 2022). Discovery must also be proportional. *See* Fed. R. Civ. P. 26(b)(1). Relevance is a low threshold and merely requires the possibility of a nexus between the information sought and the claims or defenses of a party. *Tsatas*, 2022 WL 74003 at *2. Proportionality requires the court to consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The party resisting discovery bears the burden of showing why that discovery

1    should not be permitted because it is irrelevant, overly broad, or unduly burdensome.  *Fosbre v.*

2    *Las Vegas Sands Corp.*, No. 2:10-cv-00765-APG-GWF, 2016 WL 54202, at *4 (D. Nev. Jan. 5,

3    2016).  To meet this burden, the objecting party must specifically detail the reasons why each

4    request is objectionable.  *Id.*

5         Under Federal Rule of Civil Procedure 36(a)(6), a party requesting that another party

6    respond to a written request to admit may move to determine the sufficiency of an answer or

7    objection.  "Unless the court finds an objection justified, it must order that an answer be served.

8    On finding that an answer does not comply with this rule, the court may order either that the

9    matter is admitted or that an amended answer be served."  Fed. R. Civ. P. 36(a)(6).

10   **II.    <u>Discussion.</u>**

11        <u>Request for Production No. 15:</u>
             A copy of all Level 1 grievances responded to by Defendant Russell
12           involving heat related issues/cold in unit 4 from and or between
             Nov. 2020 – June 2021.
13

14        Defendant initially produced records responsive to this request, which records Plaintiff

15   argued in his first motion to compel were not responsive.  Plaintiff argued that the documents

16   were at the Informal Level—rather than Level 1—and did not concern Unit 4.  Defendant had

17   explained that, because he no longer works as a warden for the Nevada Department of

18   Corrections ("NDOC"), NDOC could not search its records by his employee ID.  So, instead,

19   Defendant conducted a "specific detail" search for housing grievances, which would include

20   heating and cooling grievances.  The Court found Defendant's argument regarding searching by

21   his employee ID to be persuasive.  It also noted that the documents appeared to contain both

22   Level 1 and Informal Level grievances.  But the Court required the parties to meet and confer

23   because it was unclear whether the documents contained the grievances concerning Unit 4 that

24   Plaintiff was anticipating the request to encompass.

25        Plaintiff now argues that Defendant has not pointed to any NDOC policy or provided an

26   affidavit explaining why NDOC could no longer search by his employee ID.  (ECF No. 45 at 9-

27   12).  Plaintiff adds that the documents did not contain the information he was anticipating, but

28   does not elaborate on this argument.  (*Id.* at 9).  Defendant responds that his search of the

documents encompassed all levels of grievance, not just Level 1.  (ECF No. 46 at 5).  Defendant

adds that, when an NDOC grievance coordinator enters a grievance related to HVAC issues, that

grievance should be placed in the category of housing issues, which category of documents

Defendant searched and provided to Plaintiff.  (*Id.*).  Defendant explains that, if the grievance

coordinator saved the grievance under a different category, Defendant could not find it by

searching for housing grievances.  (*Id.*).  Defendant adds that he cannot use his former warden's

access ID to search documents and that there is no other way than to search by category to find

the documents responsive to Plaintiff's request.  (*Id.*).  In reply, Plaintiff states that he stands on

his arguments and asserts that the Court should require NDOC to provide an affidavit from a Rule

30(b)(6) witness explaining the grievance retrieval process.  (ECF No. 49 at 4-5).

Here, the Court finds that Defendant has responded to Plaintiff's request to the best of his

abilities.  And, while Plaintiff argues that Defendant has not provided an affidavit to that effect,

the Court finds Defendant's explanation in his briefing to be sufficient.  Indeed, by drafting and

signing the response, Defendant's attorney has certified that, to the best of their abilities, "the

factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b)(3).  So, the Court finds an

additional affidavit unnecessary here.  The Court thus denies Plaintiff's motion to compel

regarding RFP 15.

> Request for Admission No. 3:
> As a Warden at NNCC, NRS 209.161 applied to you, admit or deny.

> Request for Admission No. 6:
> As set out in part at NRS 209.161(3), you were responsible for the
> care of the Plaintiff during the times relevant to this action during
> your time as NNCC Warden.  Admit or deny.

The Court, in initially addressing these requests for admission, found that Defendant did

not properly respond to RFAs 3 and 6 and required Defendant to serve an amended answer to the

RFAs.  Plaintiff asserts in his motion to compel that he has not received any amended answers

from Defendant.  (ECF No. 45 at 3).  Defendant asserts in response that he has served Plaintiff

with the amended admissions.  (ECF No. 46 at 2).  Plaintiff replies that he did not receive the

admissions until Defendant filed his response to Plaintiff's motion to compel and argues that the amendment is still evasive.  (ECF No. 49 at 2).

The Court denies Plaintiff's motion to compel Defendant to provide an amended answer to these requests and denies Plaintiff's motion to deem these requests admitted.  Defendant has provided Plaintiff with amended responses to these requests.  And the Court does not find those amended responses to be evasive.  While Plaintiff asserts that he did not receive them until after he filed his motion to compel, the Court notes that the amended responses attached to Defendant's response to Plaintiff's motion to compel is dated April 10, 2024.  Without further explanation from either side, the Court declines to rule one way or the other about the timing of the amendment.  However, because the Court finds there is nothing further to compel and no basis to deem the responses admitted under Federal Rule of Civil Procedure 36(a)(6), it denies Plaintiff's motion to compel in part regarding these requests and denies his motion to deem admitted.

> **Interrogatory No. 22:**
> Please provide the full name of the inmate housed with Adam Hawthorne NDOC No. 67761 in unit 4 A wing cell #15 at NNCC between February 2021 and March 2021 known as J. WHITE.
>
> **Interrogatory No. 23:**
> Please provide the back number for the inmate noted above as J. WHITE.
>
> **Interrogatory No. 24:**
> Please provide the present whereabouts for said J. WHITE.
>
> **Interrogatory No. 25:**
> Please provide any and all relevant release information (if applicable) for said J. WHITE including, [sic] addresses and any and all information that could to information to [sic] locate the individual in free society.

The Court previously denied Plaintiff's motion to compel regarding these interrogatories and required the parties to meet and confer.  Defendant had initially objected to each of the interrogatories with the following objection and response:

1
2
3

Objection.  Defendant objects to Interrogatory No. [22-25] as it calls for release of confidential information pertaining to an inmate which Plaintiff/the public is not permitted to access under Administrative Regulation 569.

4    Defendant provided additional information "as a courtesy" and sent Plaintiff a list of all

5    inmates incarcerated with the first initial "J" and the last name "White" so that Plaintiff could

6    determine the individual's full name.  The Court required the parties to meet and confer regarding

7    whether the list was sufficient for Plaintiff's discovery purposes.

8    In his current motion to compel, Plaintiff points out that Defendant did not make any

9    changes after their meet and confer, but decided to stand on Defendant's initial objections.  (ECF

10   No. 45 at 2).  Plaintiff argues that Defendant's objections based on Nevada Department of

11   Corrections Administrative Regulation ("AR") 569 are not appropriate to withhold further

12   responses because confidentiality is not the same as a privilege.  (*Id.* at 5-8).  Defendant responds

13   that the list is minimally responsive to Interrogatories 22 and 23 and that Defendant is under no

14   duty to act as Plaintiff's private investigator.  (ECF No. 46 at 2-3).  Defendant asserts that inmates

15   in federal prison have their personal information protected from disclosure under 28 C.F.R.

16   § 513.34 and that "[t]here is no justification for federal inmates to have more protections in

17   discovery than state inmates, especially since the federal courts must give more deference to state

18   penal institutions."  (*Id.* at 4).

19   Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery.

20   *Santos v. Baca*, No. 2:11-cv-01251-KJD-NJK, 2015 WL 7307054, at *1–2 (D. Nev. Nov. 17,

21   2015).  That rule provides that the material sought in discovery must be nonprivileged.  Fed. R.

22   Civ. P. 26(b)(1).  Federal law controls questions of privilege in federal question cases such as the

23   instant case.  *NLRB v. N. Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996).  Strong policy

24   considerations underlie this choice of law, as other courts have explained:

25
26
27
28

It ... would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities. If state law controlled, state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that made it virtually

1

> impossible for plaintiffs to develop the kind of information they
> need to prosecute their federal claims.

2

3

> *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987).

4      As a result, state law, including state regulations and administrative codes, does not

5   control the applicability of privilege in federal question cases. *See Hooks v. Bannister*, No. 3:12-

6   cv-00682, 2014 WL 6772989, at *6 (D. Nev. Dec. 2, 2014). In contrast to many state law

7   privileges, "[f]ederal law governing privilege has not been codified." *Id.* Rather, privileges have

8   been developed at common law. *Id.* (citing Fed. R. Evid. 501). AR 569 governs the

9   confidentiality of inmate records. Notably, however, AR 569.02(5) provides a list of information

10  which may be disclosed to the public, including: (1) name used by the inmate at the time of

11  incarceration; (2) department identification number; (3) commitment offenses; (4) county of

12  commitment; (5) date of incarceration; (6) sentence structure; (7) any pending criminal court

13  action on record; (8) current institutional location (except safe keepers and boarder inmates);

14  (9) projected dates of release on parole or discharge; and (10) parole board actions.

15      Here, the Court finds that J. White's name, inmate number, and release information is

16  discoverable. As a preliminary matter, it is not clear if 28 C.F.R. § 513.34 would apply to

17  preclude Defendant from responding to these interrogatories. While 28 C.F.R. § 513.34 provides

18  limitations on information that the Federal Bureau of Prisons can release about its inmates, that

19  provision appears to apply only to the Federal Bureau of Prisons. *See* 28 C.F.R. § 513.30.

20  Plaintiff is requesting records from the Northern Nevada Correctional Center, which is a state, not

21  a federal institution. And although Defendant makes the policy argument that state inmates

22  should not have less protections than federal inmates, Defendant has not otherwise explained how

23  this regulation applies to prevent him from responding to these interrogatories, especially

24  considering AR 569.

25      As outlined above, AR 569 does not control the Court's analysis, although it does inform

26  it. The Court recognizes the confidentiality concerns that Defendant has invoked and the

27  importance of maintaining that confidentiality, particularly when it comes to disclosing this type

28  of information to other inmates. But, on the other hand, Plaintiff is no longer an inmate and is

now a member of the public.  And AR 569 provides for the release of certain information to members of the public.  Indeed, much of this information is publicly accessible through the Nevada Department of Corrections' inmate lookup system, a screenshot of which Defendant provided to Plaintiff.

The Court concludes that Defendant must provide the name, department identification number, and projected dates of release on parole or discharge for J. White under AR 569.02(5). However, the Court will not require Defendant to provide the present whereabouts for J. White, his address, or other information to help Plaintiff locate J. White if he is indeed released.  As Defendant points out, he is not Plaintiff's private investigator and is not required to find information that is not readily within his custody or control.  The Court thus grants Plaintiff's motion to compel regarding Interrogatory Nos. 22, 23, 24, and 25 in part and denies it in part.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 45) is **granted in part and denied in part** as outlined herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to deem admitted (ECF No. 47) is **denied.**

DATED: June 25, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE